**Luis GARCIA RODRIGUEZ, A/K/A Luis Bruno Garcia, A/K/A Luis Duque Duque Rodriguez, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–278–CR.**

Court of Appeals of Texas, Corpus Christi.

May 19, 1988.

Rehearing Denied June 16, 1988.

Juan Jose Martinez, Brownsville, for appellant.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction upon a negotiated plea of guilty to the offense of murder.

Initially, appellant, Luis Garcia Rodriguez, was tried upon an indictment which charged capital murder, murder, and felony murder. The jury found the appellant guilty of capital murder and assessed the death penalty. Thereafter, the trial court granted a new trial because of discovered jury error in the punishment stage. The court subsequently dismissed the indictment and appellant was later reindicted on the same charges. Appellant made several pre-trial written motions, including a special plea of double jeopardy, which the trial court overruled. Thereafter, appellant went before the trial court and pled guilty to the lesser offense of murder pursuant to a plea bargain.

The court followed the plea bargain recommendation and assessed punishment at 60 years in the Texas Department of Corrections with an affirmative finding that a deadly weapon was used during the commission of the offense.

On appeal, appellant presents the following three points of error for review: (1) the subsequent prosecution of capital murder, murder, and felony murder violated the prohibitions against double jeopardy under the Constitutions of the United States and Texas; (2) the court erred in making an affirmative finding that a deadly weapon was used during the commission of the offense; and (3) there was no evidence to support the court's finding that the appellant's acts caused the victim's death.

Initially we must determine whether we have jurisdiction to consider the appeal.

■ The State contends that Tex.Code Crim.Proc. art. 44.02 (Vernon 1979) prevents the appellant from bringing this appeal.[1] Pursuant to the adoption of the Rules of Appellate Procedure, the Texas Court of Criminal Appeals repealed the proviso portions of Article 44.02. Tex.R.App. P. 40(b)(1) provides:

> [A notice of appeal] shall be sufficient if it shows the desire of the defendant to appeal from the judgment ... but if the judgment was rendered upon his plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a *nonjurisdictional* defect or error that occurred *prior* to entry of the plea the notice *shall* state that the trial court granted permission to appeal or *shall* specify that those matters were raised by written motion and ruled on before trial. [Emphasis added.]

Tex.R.App.P. 40(b)(1).

In the instant case, the notice of appeal does not state that the trial court granted appellant permission to appeal, nor does it specify that the matters appellant attempts to bring before us were raised by pre-trial written motion.

Since neither the notice of appeal nor the record reflects that the appellant sought permission of the trial court to appeal as required by Rule 40(b)(1), appellant's third point of error challenging the sufficiency of the evidence to show cause of death is not properly before us for review. *See Shute v. State*, 744 S.W.2d 96 (Tex.Crim. App.1988); *Morris v. State*, 749 S.W.2d 772 (Tex.Crim.App.1986) (not yet reported) (motion for rehearing denied March 24, 1988). However, we feel that rule 40(b)(1) does not preclude us from reviewing appellant's additional points of error.

■ By his first point of error appellant contends that he had been previously placed in jeopardy for the same offense. The record reflects that prior to his plea of guilty, appellant filed a pre-trial special plea of double jeopardy. We must determine whether appellant's failure to specify in his notice of appeal that he filed such pre-trial motion precludes him from raising the double jeopardy issue on appeal.

Rule 40(b)(1) applies only to appeals concerning "nonjurisdictional defects or errors." Our research disclosed only one Texas case which dealt with the issue of whether a double jeopardy attack raises a jurisdictional defect. In *Harrison v. State*, 721 S.W.2d 904, 905 (Tex.App.—Dallas 1986, pet. granted), the Dallas Court of Appeals, citing authority from other jurisdictions, held that a successful double jeopardy claim will deprive the trial court of its jurisdiction; therefore, a double jeopardy challenge raises a jurisdictional defect. The Court reasoned that, since a double jeopardy claim may be raised for the first time by a habeas corpus proceeding, such an attack should likewise be subject to review on appeal. *Id.* at 905. We agree

---

1. Article 44.02 provided that:
A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment

and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

that a double jeopardy claim raises a jurisdictional defect.

Furthermore, the Court of Criminal Appeals has held that although double jeopardy is a right that can be waived, a State procedural rule cannot bar an assertion of double jeopardy where enforcement of the rule would serve no purpose. *See Ex parte Jewel*, 535 S.W.2d 362, 365 (Tex.Crim.App. 1976); *Shaffer v. State*, 477 S.W.2d 873, 875–76 (Tex.Crim.App.1971).

■ The Double Jeopardy Clause of the fifth amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense. U.S. Const. amend. V; Tex. Const. art. I § 14.

■ In determining whether a constitutional right justifies disregarding State procedural rules, a court must determine whether enforcement of the rule serves a legitimate State interest, or whether, under the circumstances of the particular case, disregarding the rule would affect that State interest. *Shaffer*, 477 S.W.2d at 876. Rule 40(b)(1) requires that an appellant who pled guilty pursuant to a plea bargain must obtain permission of the trial court or file a pre-trial motion in order to appeal. The purpose of the rule was to eliminate frivolous or unnecessary appeals where a defendant had entered a plea of guilty as a result of a plea bargain where the punishment assessed did not exceed that agreed upon. *Morris*, 749 S.W.2d at 774.

We do not believe that rule 40(b)(1) was intended to preclude review of questions involving a right guaranteed by both State and Federal Constitutions. To prevent an appellant from raising double jeopardy on appeal simply because he did not disclose in his notice of appeal that he had filed a pre-trial motion, when the record reveals that he had in fact filed such a motion, would not further any State interest. *See, Duckett v. State*, 454 S.W.2d 755, 758 (Tex. Crim.App.1970). Therefore, considering the particular facts before us, this constitu-

tional right cannot be denied for failure to comply with the state statute.

■ Likewise, the requirements of rule 40(b)(1) are limited to errors which occurred *prior* to the entry of the plea. In the instant case, appellant's second point of error complains of an affirmative finding made during the punishment phase, an alleged error that occurred *after* the entry of the plea; therefore, appellant's second point of error is properly before us for review.

We will now consider the merits of appellant's first and second points of error.

■ The constitutional prohibition of double jeopardy consists of three separate guarantees: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex. Crim.App.1987). A successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses no bar to further prosecution on the same charge. *Durrough v. State*, 620 S.W.2d 134, 139 (Tex. Crim.App.1981).

■ According to the appellant, his conviction was vacated when the trial court granted his motion for new trial due to jury error in the punishment stage.[2] By moving for new trial appellant waived his double jeopardy argument, and the second trial for the same offense is not barred by the Double Jeopardy Clause under the Federal or Texas Constitutions. *See Palm v. State*, 656 S.W.2d 429, 431 (Tex.Crim.App.1981); *Tenery v. State*, 680 S.W.2d 629, 634–35 (Tex.App.—Corpus Christi 1984, pet. ref'd.). Appellant's first point of error is overruled.

■ By his second point of error, appellant claims that the trial court had no authority to make an affirmative finding that a deadly weapon was used in the commission of the offense citing as authority *Polk*

---

2. The reason for the new trial was set forth in the appellant's brief in its statement of the na-
ture of the case. The State's brief did not controvert appellant's statements.

*v. State*, 693 S.W.2d 391 (Tex.Crim.App. 1985). In *Polk*, the Court of Criminal Appeals held that a trial court may not enter a finding that a *jury* has made an affirmative finding concerning a defendant's use of a deadly weapon unless: (1) the indictment specifically alleges a "deadly weapon" or "firearm" was used and the jury finds the defendant guilty as charged in the indictment; (2) the indictment alleges the use of a weapon that is a firearm or a deadly weapon *per se;* or (3) the jury affirmatively responds to a special issue submitted during the punishment stage of the trial. *See, Gutierrez v. State*, 741 S.W.2d 444 (Tex.Crim.App.1987); *Polk*, 693 S.W.2d at 396. Appellant asserts that since none of the three circumstances outlined in *Polk* occurred, the court was not authorized to make its finding on the use of a deadly weapon.

In the instant case, it is uncontroverted that the indictment did not allege that a deadly weapon was used or that the weapon was deadly *per se*. However, the State contends that it complied with the law as stated in *Polk* since the prosecutor presented the trial court with a "special issue" of appellant's use of a deadly weapon.

The indictment alleged that the appellant "intentionally and knowingly caused the death of *Oscar Sanchez*, the deceased, by striking the deceased with a motor vehicle, ... his fist, and feet and by striking the deceased with a chain...."

The record reflects that prior to the hearing on the defendant's plea of guilty, the prosecutor for the State announced in open court that in exchange for the defendant's plea of guilty the State would recommend 60 years in the Texas Department of Corrections, and would seek an affirmative finding that a deadly weapon was used. Likewise, the defendant, prior to trial, signed a written plea of guilty acknowledging the terms of the plea bargain which included that the State would seek a deadly weapon affirmative finding. At the hearing on appellant's plea, the court admonished the appellant as follows:

COURT: Now, do you understand what it means for me to make an affirmative finding, if I do, that a deadly weapon was used in the commission of this offense?
DEFENDANT: Yes, sir.
COURT: It means that if I do make that affirmative finding you are required to serve without possibility of parole at least one third of the term that I sentence you to in the Texas Department of Corrections.
DEFENDANT: Yes, sir.
COURT: All right. That means that if I do accept this plea bargain and I sentence you to 60 years in the Texas Department of Corrections and I do make an affirmative finding you will have to serve at least 20 years in the Texas Department of Corrections.
DEFENDANT: Yes, sir.
THE COURT: Without the possibility of parole in the time less than 20 years.
DEFENDANT: I understand.

■ It is well established that where the trial judge is the trier of fact and the State requests an affirmative finding, the trial court has the authority to make an affirmative finding that a deadly weapon was used during the commission of the offense. *Ex parte Webster*, 704 S.W.2d 327, 328 (Tex.Crim.App.1986). Because appellant entered his plea before the trial court, the trial court having heard evidence on the issue was authorized to enter a finding that a deadly weapon was used in the commission of the offense. *Fann v. State*, 702 S.W.2d 602 (Tex.Crim.App.1985).

The Court of Criminal Appeals recently held that a defendant in a criminal case is entitled to notice that the State will request such a fact finding. *Ex parte Patterson*, 740 S.W.2d 766, 776 (Tex.Crim.App.1987). The Court, however, expressly refused to hold that the notice had to be located in the indictment. *Id.* at 776. Unlike the appellant in *Patterson*, the appellant here does not complain that he was not given notice or did not know that the State would request such a finding, nor does he assert a constitutional due process violation. Likewise, we are not presented with a complaint that the finding rendered appellant's guilty plea involuntary. *See Ex parte Garcia*, 682 S.W.2d 581 (Tex.Crim.App.1985).

Although the record reflects that "use of a deadly weapon" was not pled in the indictment, it was "pled" in the plea of guilty which was agreed to and signed by the appellant. Furthermore, the record shows that the appellant had notice that the State would request the affirmative finding and was aware of the effect such a finding would have on his liberty. *See Kirkpatrick v. State,* 747 S.W.2d 521 (Tex.App.— Ft. Worth, 1988).

Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.