Bert COLE aka Bert Francis
Cole, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–88–1061–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 3, 1989.

Roger Bridgwater, Houston, for appellant.

John M. Bradley, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

OPINION

JUNELL, Justice.

Appellant pled guilty to felony theft and pursuant to a plea bargain agreement, was sentenced to one year confinement. On the same day he was sentenced, appellant's special plea of double jeopardy was denied. The plea asserted that appellant was previously convicted on several charges of issuance of bad checks, and that those convictions arose from the same transaction as the charges for felony theft. Appellant now contends that the trial court erred in

failing to grant his special plea of double jeopardy. We affirm.

■ The record reveals that the trial court granted permission to appeal the double jeopardy issue. Appellant's notice of appeal, however, does not specify that the trial court gave such permission or that the plea of double jeopardy was raised by written motion and ruled on prior to trial. Thus, it does not comply with appellate procedure for appealing nonjurisdictional defects after a guilty plea. TEX.R.APP.P. 40(b). However, we will address the merits of appellant's point both because courts have found double jeopardy to be a jurisdictional defect and because the trial court apparently intended to allow such an appeal. *Rodriguez v. State,* 750 S.W.2d 906 (Tex.App.—Corpus Christi 1988, pet. ref'd.); *Harrison v. State,* 721 S.W.2d 904 (Tex.App.—Dallas 1986, pet. granted).

■ This case deals with the second guarantee against double jeopardy, protection from a second prosecution for the same offense after conviction. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Double Jeopardy protections forbid successive prosecutions for greater and lesser included offenses, offenses which are the "same" or which require relitigation of issues previously tried. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *January v. State,* 695 S.W.2d 215 (Tex. App.—Corpus Christi 1985) *opinion adopted,* 732 S.W.2d 632 (Tex.Crim.App. 1987). We must now decide whether prosecution for felony theft after conviction for issuance of bad checks violates these protections.

■ Appellant was prosecuted under Texas Penal Code 31.03 for felony theft and under 32.41 for issuance of bad checks. These offenses are not the "same" by the standards of *Blockburger* because each offense requires proof of an element which the other does not. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Felony theft requires proof that a person unlawfully appropriated property without the effective consent of the owner and with the intent to deprive the owner of that property. TEX.PENAL CODE 31.03 (Vernon Supp.1988). Issuance of a bad check however, requires proof that a person issued or passed a check for the payment of money knowing that the issuer does not have sufficient funds for the payment in full of the check as well as all other outstanding checks at the time of issuance. TEX.PENAL CODE 32.41 (Vernon Supp.1988). Thus, these offenses are not the "same" for purposes of double jeopardy under the *Blockburger* test.

■ Furthermore, the issuance of a bad check statute provides that an offense under that section is not a greater or lesser included offense of felony theft. TEX.PENAL CODE 31.03, 32.41(a), (g) (Vernon Supp. 1988). The legislature obviously intended that the same act might result in prosecution for both offenses. Regardless of this intent, if the state sought to rely on facts previously litigated in the bad check charge for proof of its theft charge, a double jeopardy problem would be raised in this case. *January v. State,* 695 S.W.2d 215 (Tex. App.—Corpus Christi 1985) *opinion adopted,* 732 S.W.2d 632 (Tex.Crim.App. 1987). However, the indictment for felony theft does not allege issuance of bad checks as the means of unlawful appropriation; therefore, the second prosecution would not necessarily result in relitigation of facts previously litigated in the bad check charges, the offenses for which appellant had already been convicted. *Ex Parte Peterson,* 738 S.W.2d 688, 691 (Tex. Crim.App.1987).

■ Appellant's plea of double jeopardy included attachments of copies of records from the justice court, by which he sought to prove that prior convictions for issuance of bad checks arose from the same transaction as the charge against him for felony theft. The state argues that these attachments were not admitted as evidence at the hearing on appellant's plea of double jeopardy and thus cannot be considered on appeal. However, even if we assume the

attachments were admitted as evidence, they fail to show that the prior charges for issuance of bad checks resulted in final judgments or involved the same facts as those underlying the theft charges. *Shaffer v. State,* 477 S.W.2d 873 (Tex.Crim.App. 1971). For instance, the attachments from the justice courts do not show that appellant was found guilty of any offenses, or that appellant issued bad checks to any person named as a complainant in the felony theft indictment. The mere possibility that the state would rely on the facts admitted in the prior case is insufficient to bar the second prosecution. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Appellant failed at the trial court level to carry his burden of proof on his plea of double jeopardy. *Shaffer* at 875.

We find no error in the trial court's failure to grant appellant's plea of double jeopardy. Appellant's point of error is overruled.

Judgment is affirmed.