Edwin POMPA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00291–CR.

Court of Appeals of Texas, San Antonio.

March 30, 1990.

Edward L. Pina, Karam, Naranjo & Kruger, San Antonio, for appellant.

Fred G. Rodriguez, Jay Norton, Carol Wilder, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellant Edwin O. Pompa, appeals his conviction for the offense of driving while intoxicated over his "plea to the jurisdiction of the court on double jeopardy grounds".

Because no statement of facts has been provided this court from the initial trial, the transcript must be relied on. The transcript discloses that the case was initially set for trial before the court on a special setting in County Court Number Seven with the Honorable Antonio Jimenez presiding. The transcript further reflects that the trial ended in a mistrial and was transferred to County Court Number Eight. Thereafter, a statement of facts was provided this court as to what transpired before County Court Number Eight.

The record reflects that appellant presented a pretrial Special Plea to the Jurisdiction to the County Court Number Eight presiding judge, alleging double jeopardy as a result of the mistrial in the initial trial in County Court Number Seven. In support of his motion, appellant relied entirely on a bystanders bill, without introducing the trial record of the initial trial. The bystanders bill included testimony of appellant, his attorney, and a bystander which generally indicated that in the middle of the trial, Judge Jimenez lectured the appellant in a manner that was alleged to indicate prejudice towards the appellant, and then proceeded to declare a mistrial when appellant demanded a copy of the remarks complained of allegedly because Judge Jimenez had developed "extreme prejudice" towards the appellant. Although appellant insisted in oral argument before this court that he objected in writing to the mistrial declared by Judge Jimenez, we are unable to find any written objection in the transcript. The presiding judge of County Court Number Eight denied the Special Plea to the Jurisdiction and it is this ruling that appellant complains of on appeal.

The issues before this court are whether:

1. the second trial judge erred in permitting the retrial of the appellant after the initial mistrial; and

2. the first trial judge in the initial trial erred in declaring the mistrial.

█ In his first point of error, the appellant argues that the second trial judge erred in permitting the retrial of the appellant after the initial trial ended in a mistrial. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution protects the defendant in a criminal proceeding from multiple punishments or repeated prosecutions for the same offense. *See United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Zimmerman v. State*, 750 S.W.2d 194, 209 (Tex.Crim.App.1988). Article I, § 14, of the Texas Constitution provides these same protections. *Zimmerman* at 209. Once jeopardy attaches, which occurs in a nonjury trial when the first witness is sworn or the judge begins to receive evidence, *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977); the defendant possesses a valued right to have his guilt or innocence determined before the first trier of fact. *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); *Torres v. State*, 614 S.W.2d 436, 441 (Tex.Crim.App.1981). However, there are exceptions to this rule as when the defendant consents to a retrial, or a retrial is mandated by some form of manifest necessity. *Arizona v. Washington, supra; Torres v. State* at 441. Moreover, the failure to object to the declaration of a mistrial may constitute an implied consent to a mistrial. *Torres v. State* at 441.

█ The Court of Criminal Appeals has held that the burden is on the appellant to go forth at his second trial with evidence in support of his allegation of former jeopardy. *Anderson v. State*, 635 S.W.2d 722, 725 (Tex.Crim.App.1982) (en banc). "A plea of former jeopardy constitutes nothing more than a pleading and does not establish the truth of the issues of fact alleged therein." *Id.* The burden, therefore, was on the appellant to bring forth a record before the second trial judge and this court to establish the defense of double jeopardy, which in this case should include a statement of facts. *See Shaffer v. State*, 477 S.W.2d 873, 875 (Tex.Crim.App.1971).

In the instant case, the appellant presented no record from the initial trial at which the mistrial occurred. As a result, we are unable to determine whether the mistrial was granted with the consent or implied consent of the appellant, or because of manifest necessity. While the appellant has produced a bystanders bill, in the absence of a record where one was available, we must question such bill as suspect. *See Ladner v. State*, 780 S.W.2d 247, 254 (Tex. Crim.App.1989) (holding that courts should not decide the proper application of the doctrine of collateral estoppel solely on the basis of the self-serving declarations and opinions of counsel); *McCrory v. State*, 643 S.W.2d 725, 733 (Tex.Crim.App.1983) (recognizing that the courts cannot be expected to decide cases solely on the basis of self-serving statements). Appellant here made no showing that the record from the initial trial was unavailable, and the appellant has the burden of presenting a sufficient record showing error which requires reversal. In the absence of such a record, nothing is preserved for review. Tex.R. App.P. 50(d). The point is rejected.

█ In his second point of error, the appellant argues that the judge in the initial trial erred in declaring a mistrial. However, without a record from the initial trial, we are unable to determine whether the mistrial was granted without the consent or implied consent of the appellant, or because of manifest necessity. Therefore, appellant has failed in his burden of presenting a record which requires reversal.

█ Further, appellant repeatedly contends that the trial judge in the first trial, which was a trial before the court, had developed "extreme prejudice" towards the appellant. In view of these allegations, we fail to see how the initial trial judge

harmed the appellant by granting a mistrial, which had the effect of preventing the verdict from being affected by any prejudice. The United States Supreme Court has recognized that a mistrial is proper where the impartiality of the jury may have been affected, *Arizona v. Washington, supra,* and that under such circumstances we must accord the highest degree of respect to the trial judge's evaluation of the likelihood that the impartiality of the jury may have been affected. *Arizona v. Washington,* 434 U.S. at 510, 98 S.Ct. at 832. The same standards certainly must apply in a trial before the court, where the trial judge is both judge and jury. While the appellant argues now that he was entitled to be tried before the initial trier of fact, a complaint would surely follow as night follows day had the initial trial judge continued to a verdict under the alleged circumstances. Even if this court ignored the missing record, under the circumstances alleged by the appellant, we hold the trial judge properly granted the mistrial. Appellant's final point of error is denied.

The decision of the trial court is affirmed.