Jose Rafael
**BERRIOS–TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–171–CR.**

Court of Appeals of Texas,
Austin.

Dec. 19, 1990.

Ted L. Potter, Belton, for appellant.

Arthur C. Eads, Dist. Atty., and James T. Russell, Administrative Asst., Bell County Dist. Attorney's Office, Belton, for appellee.

Before POWERS, JONES and ONION, JJ.

ONION, Justice *.

Appellant was charged by indictment with the offense of possessing a controlled substance (cocaine in the amount of less than 28 grams) in Bell County on or about January 6, 1988. After his pretrial motions to suppress evidence and "to bar prosecution because of a prior acquittal" were overruled, the appellant waived trial by jury and entered a plea of guilty before the trial court in accordance with a plea bargain. During the plea proceedings, the trial court repeatedly informed the appellant that he was retaining his right to appeal the rulings on pretrial motions. The punishment was assessed at ten (10) years imprisonment, but the imposition of sentence was suspended, and the appellant was placed on probation subject to certain conditions. This was all in accordance with the plea agreement.

Written notice of appeal was given as follows:

Now comes the Defendant, Jose Berrios–Torres, by and through his trial attorney of record, Ted L. Potter, and gives this his notice of appeal and gives his notice that he intends to appeal his conviction

and sentence on this case heretofore entered on the 3rd day of August, 1988, to the Court of Criminal [sic] Appeals, Austin, Texas....

This typed notice of appeal was signed by the appellant personally. An unsigned printed form indexed as "Trial court's notice of appeal to the Court of Appeals" reflects that oral and written notices of appeal were given to "Court of Appeals, Third Supreme Judicial District."

In his original brief on appeal, the appellant urges a single point of error—that the trial court erred in overruling his pretrial motion to suppress evidence. In a supplemental brief, filed with leave of court over the State's objection, appellant advances a second point of error—that the trial court erred in overruling his pretrial motion to "bar prosecution because of a prior acquittal."

### Notice of Appeal

At the outset, we are confronted with a jurisdictional question. Appellant entered a plea of guilty. In *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.App.1972), the court wrote: "Where a plea of guilty is voluntarily and understandingly made, all *nonjurisdictional* defects including claimed deprivation of federal due process are waived." *See also King v. State*, 687 S.W.2d 762, 766 (Tex.Cr.App.1985).

In 1977, a proviso was added to Tex.Code Cr.P.Ann. art. 44.02 which created a limited exception to the *Helms* rule. 1977 Tex. Gen.Laws, ch. 351, § 1 at 940. *See Morgan v. State*, 688 S.W.2d 504, 506–507 (Tex. Cr.App.1985). The amendment provided that where a defendant had entered a plea of guilty or nolo contendere before the court in accordance with a plea bargain and the punishment assessed did not exceed the jointly recommended punishment, the defendant needed the permission of the trial court to appeal "except on those matters which have been raised by written motion filed prior to trial." Thus, a defendant who pleaded guilty or nolo contendere could appeal nonjurisdictional matters only if he

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

complied with the 1977 statutory amendment. *Padgett v. State,* 764 S.W.2d 239, 240 (Tex.Cr.App.1989); *Galitz v. State,* 617 S.W.2d 949, 951–52 (Tex.Cr.App.1981).

The proviso of art. 44.02 was repealed by the order of the Court of Criminal Appeals effective September 1, 1986, adopting the Texas Rules of Appellate Procedure. In its place, the court adopted Rule 40(b)(1) which provides in pertinent part:

> [I]f the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

Tex.R.App.P.Ann. 40(b)(1) (Pamph.1990).

Rule 40(b)(1), unlike the former proviso of art. 44.02, does not expressly limit the scope of an appeal following a negotiated plea of guilty. Instead, it seeks to achieve this effect indirectly by requiring a defendant, who has entered a negotiated plea of guilty or nolo contendere before the court, to state in the notice of appeal that the matter to be appealed was raised in a written pretrial motion or that the permission of the trial court was obtained. *See Berger v. State,* 780 S.W.2d 321, 322 (Tex.App. 1989, no pet.).

The proper interpretation of Rule 40(b)(1) has been the subject of a number of appellate opinions. The Court of Criminal Appeals has recently made it clear that Rule 40(b)(1) is a restrictive rule containing unequivocally mandatory language, and that a defendant who wishes to appeal a nonjurisdictional matter which occurred before the entry of the plea must comply with the requirements of the rule and include in his notice of appeal all necessary matters. *Jones v. State,* 796 S.W.2d 183, (Tex.Cr. App.,1990). *See also Jackson v. State,* 775

S.W.2d 422, 423–424 (Tex.App.1989, no pet.); *Johnson v. State,* 747 S.W.2d 568 (Tex.App.1988, no pet.). Where the notice of appeal does not conform to the rule, the appeal of a nonjurisdictional matter is not to be entertained. *Id.*

In *Jones,* the defendant's original notice of appeal was defective under Rule 40(b)(1). Being alerted by the State's brief, the defendant filed an amended notice of appeal satisfying the requirements of Rule 40(b)(1). Utilizing Tex.R.App.P.Ann. 83 (Pamph.1990), the Court of Appeals accepted the amended notice of appeal.[1] The Court of Criminal Appeals rejected the Court of Appeals' holding on the scope of Rule 83, indicating that the rule could not be employed to permit the requested amendment to the written notice of appeal. Similarly, this Court, in *Berger,* 780 S.W.2d at 325, rejected the use of Tex.R.App.P. Ann. 2(b) (Pamph.1990) to suspend the requirements of Rule 40(b)(1) as had been done in *Campbell v. State,* 747 S.W.2d 65 (Tex.App.1988, no pet.).

■ It is clear that appellant's notice of appeal is defective under Rule 40(b)(1), and we are unable to entertain his appeal of nonjurisdictional matters occurring prior to his plea of guilty.

### Double Jeopardy—a Jurisdictional Defect?

■ We are aware, as to appellant's second point of error, that some courts have found double jeopardy to be a jurisdictional matter, not affected by the requirements of Rule 40(b)(1) relating to guilty pleas. *See Rodriguez v. State,* 750 S.W.2d 906 (Tex. App.1988, pet. ref'd); *Harrison v. State,* 721 S.W.2d 904 (Tex.App.1986), vacated and remanded on other grounds, 767 S.W.2d 803 (Tex.Cr.App.1989). *See also Cole v. State,* 776 S.W.2d 269, 270 (Tex. App.1989, no pet.). The Court of Criminal Appeals has, however, not so held. *See Harrison,* 767 S.W.2d at 804, n. 1.

### Supplemental Brief

■ Even assuming that double jeopardy is a jurisdictional matter, and that the

---

1. *See Jones v. State,* 762 S.W.2d 330 (Tex.App. 1988).

notice of appeal given is sufficient to authorize this Court to consider the second point of error, we are confronted with still another problem. Appellant's second point of error was raised only in a supplemental brief filed some twenty-two months after his written notice of appeal. An additional point of error contained only in a supplemental brief is not properly before the court for review. *Coleman v. State*, 632 S.W.2d 616, 619 (Tex.Cr.App.1982). *See also Salazar v. State*, 773 S.W.2d 34, 40 (Tex.App.1989, no pet.); *Emerson v. State*, 756 S.W.2d 364, 370 (Tex.App.1988, pet. ref'd); *Tindel v. State*, 748 S.W.2d 593, 598 (Tex.App.1988, pet. ref'd). The second point of error is not properly before this Court for review, whether the matter be considered jurisdictional or nonjurisdictional for the purpose of appeal.

### Adequacy of Supplemental Brief

█ If it can be argued that the second point of error should be considered as unassigned error in the interest of justice, despite the *Coleman* rule, (*see Boutwell v. State*, 719 S.W.2d 164, 173 (Tex.Cr.App. 1985) (opinion on rehearing)), we find that the supplemental brief as to the second point of error is not in compliance with Tex.R.App.P.Ann. 74(f)(1) and (2) (Pamph. 1990). It is obvious that the decision in *Grady v. Corbin*, — U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), spawned the filing of the supplemental brief which raises the double jeopardy question. The brief merely quotes several paragraphs from the *Grady* decision, without any argument as required by Rule 74(f)(1) and (2). Therefore, nothing is presented for review.

### Sufficiency of Record as to Double Jeopardy Claim

█ It is understandable that appellant's argument does not include a discussion of the facts and authorities applicable to sustain his second point of error. There is a factual deficiency in the record. A plea of former jeopardy constitutes only a pleading and does not establish as true the issues of fact alleged therein. *Anderson v. State*, 635 S.W.2d 722, 725 (Tex.Cr.App.1982); *Pompa v. State*, 787 S.W.2d 585, 587 (Tex. App.1990, no pet.). On a plea of former acquittal or conviction, the burden of proof is on the accused by a preponderance of the evidence. Tex.Code Cr.P.Ann. art. 27.05 (1989); *Shaffer v. State*, 477 S.W.2d 873, 875 (Tex.Cr.App.1971); *Guzman v. State*, 732 S.W.2d 683, 686 (Tex.App.1987, no pet.). *See also* 22 Tex.Jur.3d Criminal Law § 2437, at 791.

█ Appellant filed an unverified pretrial motion to "bar prosecution because of a prior acquittal." The motion did not comply with Tex.Code Cr.P.Ann. arts. 27.05 & 27.06 (1989). Further, the motion did not cite or rely upon any federal or state constitutional provisions or statutes, or any other authorities. At the hearing, appellant offered no evidence in support of his motion. Appellant's counsel merely called the trial court's attention to the fact that the indictment from the first trial was attached to the motion. Appellant claimed he had been acquitted by a jury of the offense of conspiracy with the intent to commit the offense of aggravated delivery of cocaine and that one of a number of overt acts alleged in connection therewith involved his possession of cocaine in Bell County "on or about January 6, 1988."[2] Appellant claimed the aforesaid overt act alleged was the same offense as that charged in the instant indictment. There was no testimony as to the alleged prior acquittal, nor any certified records which would indicate the acquittal. The trial court was not asked to take judicial notice of its records, and the record evidence of the first trial does not appear in this appellate record.[3]

---

2. The State is not bound by the date on or about which the offense is alleged to have been committed, and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation. *Ex parte Hyett*, 610 S.W.2d 787, 789 (Tex.Cr.App.1981). *See also* Tex.Code Cr.P.Ann. art. 21.02(6) (1989).

3. It is not proper for an appellate court to look to another appellate record to supply deficiency in proof of another case under consideration on appeal. *Garza v. State*, 622 S.W.2d 85, 89–90 (Tex.Cr.App.1981) (opinion on rehearing); *Miracle v. State*, 604 S.W.2d 120, 123 (Tex.Cr.App. 1980); *Cain v. State*, 468 S.W.2d 856, 861 (Tex. Cr.App.1971).

The pleadings do not prove themselves, and the statements of counsel are not evidence. Moreover, assertions in a brief not supported by evidence in the record will not be considered on appeal. *Franklin v. State*, 693 S.W.2d 420, 431 (Tex.Cr.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Davila v. State*, 651 S.W.2d 797, 799 (Tex. Cr.App.1983). State statutes and procedural rules cannot be used to bar the assertion of a federal constitutional right such as double jeopardy where the enforcement of the rule would serve no purpose. *Duckett v. State*, 454 S.W.2d 755, 758 (Tex.Cr.App. 1970). *See also Ex parte Scelles*, 511 S.W.2d 300, 301–302 (Tex.Cr.App.1970); *Galloway v. Beto*, 421 F.2d 284, 288, n. 4 (5th Cir.1970). However, the fact that a right is of constitutional dimension will not, in itself, always justify disregarding state procedural rules. *See Shaffer*, 477 S.W.2d at 877. "The test is whether the enforcement of the rule serves a legitimate state interest, or whether, under the circumstances of the particular case, the disregard of the rules did not affect such state interest." *Id.* at 876. The requirement that 'the defendant present evidence in support of his allegations of double jeopardy serves a legitimate state interest. *Id.* at 875. Appellant failed at the trial court level to carry his burden of proof on his plea. *Cole*, 776 S.W.2d at 271. Even if the second point of error is properly before this Court, there is no way this Court can appraise the contention from this record.

The judgment of conviction is affirmed.