In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00063-CR**
_____

**EX PARTE CAROL ANN DAVIS**

**On Appeal from the 359th District Court
Montgomery County, Texas
Trial Cause No. 13-03-02547 CR**

**MEMORANDUM OPINION**

A grand jury indicted Carol Ann Davis for the offense of retaliation. Davis filed an application for pre-trial writ of habeas corpus, which the trial court denied. In three appellate issues, Davis challenges the trial court's denial of her habeas petition. We affirm the trial court's order denying habeas relief.

We review the denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the

1

record, especially findings that are based on an evaluation of credibility and demeanor. *Id.* We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* We review the determination *de novo* when resolution of those questions turns on an application of legal standards. *Id.*

In her habeas application,[1] Davis argued that: (1) the indictment failed to charge an offense under Texas law sufficient to invoke the trial court's jurisdiction; (2) the offense alleged in the indictment was not committed in Montgomery County, Texas; and (3) the offense is barred by double jeopardy. At a hearing, the trial court stated:

> [These were] the two problems I had when I read [the application for writ of habeas corpus] because they send it to me the minute anyone files anything.
>
> A writ of habeas corpus is theoretically to release the body. It is for somebody that is [ ] somehow confined.
>
> Number one, we don't have that. So that made me think: I wonder why we would do this.
>
> And then when I read it, what I read in there is that you were contesting the elements of the offense which is the subject of the case. For example, the jury must determine whether or not the events, if, in

---

[1]The record indicates that Davis was out on bond. *See* Tex. Code Crim. Proc. Ann. art. 11.01 (West 2015); *see also Ex parte Robinson,* 641 S.W.2d 552, 553 (Tex. Crim. App. 1982) ("A person who is subject to the conditions of a bond is restrained in his liberty within the meaning of Article 11.01.").

fact, they occurred at all, occurred in Montgomery County. If they find they did not, then that's an element of the offense [that] they couldn't possibly find. So everything that I read in there was an element of the offense.

So at this point, I am going to deny your motion for habeas corpus.

The trial court also stated that "nothing in the petition is appropriate for me to hear."

In issue one, Davis contends that the trial court improperly failed to address her double jeopardy claim. According to the record, Davis included a narrative of various charges and arrests that she claimed involved similar theories and parties and led to the current prosecution against her. However, a double jeopardy plea does not establish as true the issues of fact alleged therein. *Berrios-Torres v. State*, 802 S.W.2d 91, 95 (Tex. App.—Austin 1990, no pet.). "[I]n a double jeopardy challenge, the defendant has the burden to provide a record that both establishes the commonality of the offenses *and* shows the State will be relying on the same instances of misconduct for which the accused was previously convicted or acquitted." *Ex parte Infante*, 151 S.W.3d 255, 262 (Tex. App.—Texarkana 2004, no pet.). The record does not indicate that Davis provided the trial court with documents from the prior proceedings to enable the trial court to make such a determination. *See id; see also Ex parte Gutierrez,* 987 S.W.2d 227, 230 (Tex.

3

App.—Austin 1999, pet. ref'd); *Berrios-Torres*, 802 S.W.2d at 96. Because Davis failed to sustain her burden of proving a double jeopardy claim, we overrule issue one.

In issues two and three, Davis argues that the trial court erred by holding that it lacked jurisdiction to consider her application and by "failing to consider claims that were within [the] realm of a pre-trial application for a writ of habeas corpus." Contrary to Davis's contention, the record indicates that the trial court denied the application because Davis failed to raise arguments appropriate for habeas relief, not due to a lack of jurisdiction. Other than Davis's double jeopardy claim, her two remaining grounds challenged the indictment for failure to allege an offense and the proper county. "[A]pplications for pre-trial writs of habeas corpus generally may not challenge an indictment except to allege that a statute is void or to assert a statute-of-limitations bar." *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001). Because Davis's application did not challenge the indictment as barred by limitations or the statute as void, an application for writ of habeas corpus was not the appropriate vehicle for Davis's challenges to the indictment. *See id.* We overrule issues two and three. We affirm the trial court's denial of Davis's application for pre-trial writ of habeas corpus.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 25, 2015
Opinion Delivered October 14, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

5