IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE       :
                                     :

v.                          :      Def. ID: 1704013777
                                     :

MATTHEW A. KRIMM,     :
Defendant.              :

## ORDER

AND NOW, TO WIT, this 21st day of May, 2018, it is the finding of the Court that:

On March 21, 2018, Defendant, Matthew A. Krimm ("Defendant"), filed this Motion to Dismiss Counts 8 through 10 of the Indictment in this case. On April 12, 2018, the Court denied the Motion as to Counts 9 and 10, but requested supplemental argument as to Count 8. The Court specifically asked the parties to address the applicability of *Holland v. State*.[1] Defendant submitted his Supplement to the Motion to Dismiss on April 25, 2018. The State answered on May 9, 2018.

Count 8 of the Indictment charges Defendant with Theft of $100,000 or more. The alleged victim is Michael McCarthy. In 2014, Defendant pled guilty to and was sentenced for a series of offenses, including Issuing a Bad Check to Michael McCarthy. Defendant now argues that his constitutional protection against double jeopardy will be violated if he is prosecuted for both Theft and Issuing a Bad Check. 11 *Del. C.* § 208 sets forth the circumstances when a prosecution is barred by a former prosecution for a different offense. The statute reads in pertinent part:

> Although a prosecution is for a violation of a different statutory provision or is based on different facts, it is barred by a former prosecution in a court having jurisdiction over the subject matter of the second prosecution under the following circumstances:

---

[1] *Holland v. State*, 158 A.3d 452 (Del. 2017).

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside or in a conviction as defined in §207 of this title and the subsequent prosecution is for:

    a. Any offense of which the defendant could have been convicted on the first prosecution; or

    b. The same conduct, unless:

        i. The offense for which the defendant is subsequently prosecuted requires proof of a fact not required by the former offense and the law defining each of the offenses is intended to prevent a substantially different harm or evil.[2]

Defendant acknowledges that both crimes have different code sections, but claims that the charges are essentially the same and concern the same conduct. In short, the Code seeks to prevent the same "evil or harm" by punishing these crimes. Importantly, Defendant asserts that the State has not shown a single fact that would have prohibited it from charging him with Theft at the time of the 2014 case. Therefore, according to Defendant, this charge should have been brought as part of the 2014 case and the State is prohibited from charging him for this conduct now.

Defendant argues that *Holland v. State* is not on point. In *Holland*, the defendant was convicted of Assault and later charged with Robbery. Assault and Robbery are classified in different categories within the Code, whereas Theft and Issuing a Bad Check are both classified as crimes against property. This shows that the "harms or evils" that the Code seeks to prevent are similar, making it so the charges are too closely related to be brought against the same conduct. Thus, Defendant states that Count 8 should be dismissed.

On the other hand, the State argues that Count 8 should not be dismissed. The State claims that the prosecution should move forward for four reasons: (1) Defendant could not have been convicted of Theft on the 2014 Information, (2) the Theft charge and Issuing a Bad Check charge allege different conduct, (3) the Theft charges requires proof of a fact not required by the Issuing

---

[2] 11 *Del. C.* §208.

a Bad Check conviction, and (4) the laws defining Theft and Issuing a Bad Check seek to prevent substantially different harms. Also, the State argues that the circumstances do not create a presumption of vindictive prosecution. Finally, the State notes that Defendant bears the burden of proof on this Motion to Dismiss and that all facts must be considered in the light most favorable to the State.[3]

First, the State turns to Defendant's assertion that no facts have been uncovered since the 2014 case that would have prohibited him from being charged at that time. Due to the voluminous discovery materials associated with this case, the State had insufficient evidence to convict Defendant of Theft in 2014. The DAG who prosecuted the 2014 case had no reason to believe that Defendant had engaged in criminal activity other than writing bad checks. It was not until the April 2016 investigation, which included expert analysis of Defendant's bank records, that the State had sufficient evidence to bring the Theft charge.

Additionally, the State argues that the pending charge and the 2014 Issuing a Bad Check charge allege different conduct. The State alleges that the theft began on or before August 5, 2013, when Defendant and McCarthy entered into their first promissory note. The theft was complete on November 26, 2013 when McCarthy gave his final investment check. According to the State, the series of investments were a fraud from the outset. The Issuing a Bad Check charges pertained to two specific checks, issued on December 17, 2013 and January 27, 2014. At this point, the theft had already been completed. In short, the bad checks were not the means of the theft.[4] In the

---

[3] *State v. Baker*, 679 A.2d 1002, 1006 (Del. Super. Ct. 1996) ("The procedure whereby the Court can consider a motion to dismiss prior to trial has been compared to a civil motion for summary judgment."); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979) (holding that the burden of proving a motion for summary judgment initially lies with the moving party and that all facts must be considered in the light most favorable to the non-moving party).
[4] *Cole v. Texas*, 776 S.W.2d 269, 270 (allowing a felony theft prosecution after a defendant had already been convicted of bad check offenses because the bad checks were not used as the means for the unlawful appropriation).

State's view, the conduct constituting the theft and the bad checks was wholly separate and can be charged accordingly.

The State also claims that Theft requires proof of a fact not required by Issuing a Bad Check. To prevail on the Theft charge the State must prove the following: (1) that Defendant took or exercised control over the property of McCarthy totaling $100,000 or more, (2) that Defendant meant to deprive McCarthy of the property, and (3) that Defendant acted intentionally. By contrast, the State only has to prove that Defendant issued or passed a check knowing that it would not be honored by the drawee to prevail on an Issuing a Bad Check charge.

Finally, the State argues that the laws establishing the crimes of Theft and Issuing a Bad Check are intended to prevent substantially different evils or harms. The law against theft seeks to prevent the *intentional unlawful* taking or misappropriation of property. Conversely, the law against issuing a bad check does not require an unlawful taking or misappropriation and does not require intent. Moreover, an issuer has ten days to make good on a bad check, which indicates that the legislature contemplated that the issuer acted in good faith. No such presumption underlies the charge of theft. The State also notes that the punishments for the two crimes are very different. Theft of $100,000 or more is a Class B felony, carrying a minimum mandatory prison sentence. Theft of $50,000 or more is a Class D felony and Theft of $1,500 or more is a Class G felony. Whereas every Issuing a Bad Check conviction involving $1,500 or more is a Class G felony.

While Defendant did not argue that the State had engaged in vindictive prosecution, the State argued that it has not engaged in such behavior. Most vindictive prosecution cases involve an initial trial that resulted in a mistrial or the conviction was overturned on appeal and the prosecutor later brought more serious charges stemming from the same criminal episode. That is not the case here. According to the State, the second round of charges were brought as a result of

4

an investigation sparked by a complaint submitted to the Investor Protection Unit in 2016. There was no probable cause for the Theft charges before the investigation was complete. Therefore, in the State's view, this round of prosecution is proper. Additionally, the State believes that the prosecutor does not have an "inappropriate investment" in this case. The Court agrees that there is no evidence to indicate otherwise or to show that the State has engaged in vindictive prosecution.

Further, the Court is persuaded by the State's arguments that the Theft charge could not be brought at the time of the 2014 Information, that Count 8 of the current Indictment and the 2014 case charged different conduct, that Theft requires proof of a fact not required by Issuing a Bad Check, and that the two statutes at issue intend to protect against different harms or evils. It is clear that the evidence necessary to bring the Theft charge was no discovered until the 2016 investigation had been completed and that the allegedly criminal conduct uncovered by the investigation is separate from the initial Issuing a Bad Check charge. Moreover, proof of additional facts such as unlawful appropriation and intent are required to prove the Theft charge, which are not required of the Issuing a Bad Check charge. Lastly, the Delaware General Assembly intended for the two statutes concerned to prohibit different criminal activity and assigned harsher punishments to those guilt of Theft of $100,000 or more. Therefore, prosecuting Defendant for Theft does not run afoul of the Double Jeopardy Clause of the Fifth Amendment. Defendant's Motion to Dismiss Count 8 of the Indictment is **DENIED**.

**IT IS SO ORDERED**.

Richard F. Stokes, Judge

cc: Robert H. Robinson, Esq.
William E. Green, Esq.