**Grant William BARNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00165–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 16, 2002.

Decided June 26, 2002.

**812**

Donald R. Tonroy, Attorney at Law, Houston, for Appellant.

Alan Curry, Assistant District Attorney, William J. Delmore III, Harris County Assistant District Attorney, Houston, for The State.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice GRANT.

Grant William Barnett appeals his conviction for possession of less than two ounces of marihuana, with a sentence of thirty days in the Harris County Jail, suspension of his driver's license for one year, and court costs. In his sole issue on appeal, Barnett contends that his second trial for the offense charged was barred by double jeopardy because a mistrial was declared in the first trial due to intentional or reckless conduct by the prosecutor.

*Procedural History/Statement of Facts*

Before trial, Barnett's counsel filed a Motion to Suppress Evidence, alleging Barnett was searched in violation of Chapter 14 of the Code of Criminal Procedure, and in accord with Section 38.23 of the Code, evidence seized from such search should be suppressed. Tex.Code Crim. Proc. Ann. art. 14.01, *et seq.* (Vernon 1977 & Supp.2002), art. 38.23 (Vernon Supp. 2002). Harris County Deputy Sheriff Dean Allred was the State's first witness at the suppression hearing. Allred testified he observed a vehicle with a taillight out traveling in the 11900 block of Jones Road in northwest Harris County. He followed the vehicle and stopped it, pulling into a Wells–Fargo Bank parking lot in the 12300 block of Jones Road. He testified that when he approached the vehicle, he smelled a strong odor of marihuana coming from the inside. He identified the driver as Barnett. Allred also observed "rolling papers" on the back floor of the vehicle, which are commonly used to roll marihuana cigarettes. After being given permission to search the vehicle, Allred testified he found a glass jar under the driver's seat which contained marihuana. He also located an eyeglass container, which contained a bag of marihuana, and another smaller bag containing an unknown substance. On redirect examination, Allred further stated he also found a compact disk (CD) case in the car, which contained an unknown substance in a small plastic bag. The trial court denied the motion.

In the first trial on the merits (labeled in the reporter's record as "Mistrial"), defense counsel filed a trial motion in limine regarding a Rule 404 notice received less than ten days before trial. The notice stated that the unknown substance found in the CD case at the traffic stop and recovered by police was a controlled substance, namely, mushrooms. Defense counsel complained of lack of proper notice and sought to suppress the evidence. The court ruled as follows:

> [Defense Counsel]: So, I respectfully request that the Court grant my motion in limine to instruct the State not to use the mushrooms in their case.

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

THE COURT: All right. I will so instruct the State. Mushrooms can't be referred to, can't be admitted in evidence and so on.

. . . .

THE COURT: All right. I agree with the Defense on this one, Mr. Kitchen. We're not going to have mushrooms. We're going [to] have marijuana, okay. That's what the defendant is charged with . . . .

. . . .

THE COURT: Bottom line there will be no mushrooms in this trial. That's about as plain as I can get. No mushrooms.

However, despite the repeated warnings, during the State's direct examination of Deputy Allred, the prosecutor showed Allred State's Exhibit 3 and requested identification, the "unknown substance" from the CD case recovered from the car, i.e., the mushrooms. After a brief colloquy among counsel and the trial court, the trial court granted the Motion for Mistrial. After dismissing the first jury, the trial judge immediately summoned another venire, and proceeded with the retrial. No objection to the second trial was made.

### Procedural Waiver

The State first argues that Barnett, by failing to file a trial objection to the second prosecution, and seeking to raise the issue for the first time on appeal, has waived his right to raise a double jeopardy defense. The State cites *Gonzalez v. State*, 8 S.W.3d 640 (Tex.Crim.App.2000), in support of its argument and contends the alleged double jeopardy violation is not apparent from the face of the record and the record is not adequately developed as to the "prosecutor's state of mind" in introducing the forbidden evidence despite the repeated instructions of the trial court.

■ The *Gonzalez* opinion clearly deals with a "multiple punishments for the same offense" federal double jeopardy claim. *Id.* at 640, 645. The type of double jeopardy claim being asserted here is "successive prosecution for the same offense." *Bauder v. State*, 921 S.W.2d 696, 697 (Tex. Crim.App.1996). *Gonzalez* noted the distinction between the two types of double jeopardy claims, recognizing that "successive prosecution" claims are sufficiently "apparent" from the record as to permit the raising of such claim in a pretrial writ of habeas corpus. *Gonzalez*, 8 S.W.3d at 643 n. 9. In any case, even if applicable in this "successive prosecution" type of claim, we note that, as held in *Gonzalez*, when the facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serve no legitimate state interest, a double jeopardy claim may be raised for the first time on appeal. *Id.* at 643.

The State asserts that a double jeopardy violation is not apparent from the face of the record. We disagree. There is, on the face of the record, a mistrial granted at the request of the defense after the prosecutor, after being repeatedly warned and admonished, offered into evidence materials he was expressly instructed not to mention. Further, the State argues the record has not been developed as to the prosecutor's state of mind at the time the erroneous evidence was introduced. We also disagree with this contention. Assuming for the purpose of argument that such state of mind evidence is required, it clearly appears in the record, as well as the state of mind of both the judge and the defense attorney.

We hold the double jeopardy claim was adequately raised and may be considered on the merits.

*Double Jeopardy—Mistrial at Request of Defendant—Due to Prosecutorial Error*

 As a general rule, when a mistrial is declared in a criminal prosecution at the defendant's request, the government is not barred under the United States Constitution from retrying the defendant. However, a narrow exception to this general rule has been recognized in certain situations when the mistrial is caused by prosecutorial misconduct. The circumstances under which a defendant may invoke the bar of double jeopardy to a second effort to try him or her are limited to those cases in which the conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial. *Oregon v. Kennedy,* 456 U.S. 667, 673, 102 S.Ct. 2083, 72 L.Ed.2d 416, 423 (1982). In his concurring opinion, Justice Powell joins the Court's opinion which he characterizes as holding that the *intention* of a prosecutor determines whether his conduct, viewed by the defendant and the court as justifying a mistrial, bars a retrial of the defendant under the Double Jeopardy Clause. *Id.,* 456 U.S. at 679, 102 S.Ct. 2083.

In *Bauder v. State* (*"Bauder I"*) and *Ex parte Bauder,* 974 S.W.2d 729, 732 (Tex. Crim.App.1998) (*"Bauder II"*), the Texas Court of Criminal Appeals, under the double jeopardy provision of TEX. CONST. art. I, § 14, recognized a somewhat greater exception to the general rule.

 A successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, not only when the objectionable conduct of the prosecutor was *intended* to induce a motion for mistrial, but also when the prosecutor *was aware but consciously disregarded* the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request. It must be determined whether the defendant's motion for mistrial was a choice he or she made in response to ordinary reversible error in order to avoid conviction, appeal, reversal, or retrial; or, on the other hand, was the defendant required to move for a mistrial because the prosecutor *deliberately or recklessly* crossed the line between legitimate adversarial gamesmanship and manifestly improper methods that rendered trial before the jury unfair to such a degree that it could not have been cured by judicial admonishment. *State v. Lee,* 15 S.W.3d 921, 923–24 (Tex.Crim.App.2000) (citing and analyzing *Bauder I* and *Bauder II*). When such conduct occurs, the government should bear the responsibility for denying the defendant his or her right secured by the Double Jeopardy Clause to be tried in a single proceeding by the jury first selected. *Bauder I,* 921 S.W.2d at 699.

 In applying the *Bauder* rule, the *mens rea* under which the prosecutor acted is pivotal. It is not sufficient that the incurable condition created by the prosecutor arose from simple negligence or sloppiness. Instead, the prosecutor must have created it while either intending that his or her actions result in a mistrial, or while actually knowing of that likelihood but nonetheless consciously ignoring it. *Vasquez v. State,* 22 S.W.3d 28, 32 (Tex.App.—Amarillo 2000, no pet.). The Corpus Christi court, in such a case, following *State v. Lee,* determined that the proper standard was whether the State intended to induce a motion for mistrial or was aware of, but consciously disregarded, the risk that its improper conduct would prompt a motion for mistrial by the defendant. *State v. Cabrera,* 24 S.W.3d 528, 532 (Tex.App.—Corpus Christi 2000, pet. ref'd). The ruling in the *Cabrera* case was that the state acted with such conscious disregard for the risk of a mistrial by its

continuing reference to testimony which the trial court had properly ordered excluded and the trial court had not abused its discretion in ruling that double jeopardy barred a retrial. *Id.* at 532. The prosecutor must be aware his conduct creates at least a risk that a mistrial will be required. In other words, negligent conduct on the part of the prosecutor will not trigger double jeopardy protection in this context. *Goss v. State,* 944 S.W.2d 748, 750 (Tex.App.—Corpus Christi 1997, no pet.). As to how an appellate court may make this determination, we note that in the final disposition of Samuel Bauder's journey through our appellate court system, *Ex parte Bauder,* 2 S.W.3d 376 (Tex. App.—San Antonio 1999, pet. ref'd), the San Antonio court, in determining whether the prosecutor acted with conscious disregard for the danger of a mistrial, looked to a discussion, on the record but out of the jury's presence, in which the prosecutor basically said he did not mean to do it, that the witness's answer was unexpected. At the hearing held on Bauder's plea in bar, the prosecutor said he talked to the witness and, based on this interview, the answer he received at trial was a surprise. From this, the court concluded there was no deliberate or reckless conduct by the prosecutor. *Id.* at 377–78.

In the present case, the prosecutor admitted on the record, before the trial court but out of the jury's presence, that he had in fact attempted to introduce into evidence testimony concerning the "mushrooms," into evidence, but stated it was not deliberate; he grabbed the wrong piece of evidence by mistake, and the officer truthfully answered his question when shown the evidence. The trial judge specifically stated she did not think he had done so deliberately, as he was a new prosecutor. Before beginning the second trial, defense counsel agreed with the trial judge that he did not feel the prosecutor's actions were deliberate or intentional. Given these acknowledgments by counsel and the trial court, we cannot say the prosecutor's actions were deliberate or reckless, but rather, at most, negligent. Therefore, we find that under both state and federal standards regarding double jeopardy, Barnett's rights were not violated by the second trial.

The judgment of the trial court is affirmed.