**James Chynell KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–04–00110–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 23, 2005.

Decided April 5, 2005.

Lew Dunn, Law Office of Lew Dunn, Longview, for appellant.

Ray Bowman, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

James Chynell King appeals from a revocation of his community supervision, collaterally attacking his original sentence on the basis of double jeopardy. We affirm the trial court's judgment.

According to a police officer's report filed in the record, Officer Shane Guthrie stopped King November 23, 2001, for driving with a suspended license. After confirming that King's license was still suspended, Guthrie attempted to arrest him, but King resisted. Guthrie sprayed King with his chemical dispensing device, after which King fled to a residence and Guthrie followed. Both entered the residence, where they engaged in an altercation, during which King gained control of Guthrie's chemical dispensing device and sprayed Guthrie. Guthrie, by the use of his sidearm, was able to ultimately subdue King, and, with assistance, consummate the arrest.

In two separate indictments returned by the same grand jury, King was indicted for the felony offenses of assault on a public servant and taking a weapon from a peace officer. *See* TEX. PEN.CODE ANN. § 22.01(b)(1) (Vernon Supp.2004–2005), § 38.14(e) (Vernon 2003). On February 27, 2002, a jury found King not guilty of the assault on a public servant charge. On May 28, 2002, King pled guilty before a jury to the taking a weapon from a peace officer charge, and the jury assessed his punishment at five years' imprisonment, but recommended King be granted community supervision. The trial court sentenced King to five years' imprisonment, but, in accordance with the jury's verdict, suspended imposition of that sentence and placed King on community supervision for five years.

On May 11, 2004, the State filed an application to revoke King's community supervision, contending King had violated a condition of his supervision by testing positive for use of marihuana. King pled true to the allegation June 7, 2004. The trial court revoked King's community supervi-

sion and imposed the sentence of five years' imprisonment. In this appeal, King contends his prosecution for taking a weapon from a peace officer was in violation of the Double Jeopardy Clauses of the United States and Texas Constitutions.

The Double Jeopardy Clause in the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb; . . . ." U.S. CONST. amend. V. Similarly, the Texas Constitution provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." TEX. CONST. art. I, § 14; see TEX.CODE CRIM. PROC. ANN. art. 1.10 (Vernon 2005).

The Double Jeopardy Clause in the Fifth Amendment embodies several concepts: it protects a person from being twice prosecuted for the same offense; it precludes the state from prosecuting someone for the same offense or a lesser-included offense after a jury has acquitted the accused; and it bars punishing a person more than once for the same offense. Ex parte Infante, 151 S.W.3d 255, 260 (Tex.App.-Texarkana 2004, no pet.) (citing Monge v. California, 524 U.S. 721, 727–28, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998)). The Fifth Amendment's Double Jeopardy Clause is enforceable against the States through the Fourteenth Amendment. Infante, 151 S.W.3d at 260. Conceptually, the United States and the Texas double jeopardy provisions are identical. See Stephens v. State, 806 S.W.2d 812, 815 (Tex. Crim.App.1990). King apparently relies on that aspect of the Double Jeopardy Clause precluding the State from prosecuting a person for the same offense after a jury has acquitted that person.

■ We must first decide if it is permissible for King to raise the issue of double jeopardy for the first time on appeal, thus collaterally attacking his original sentence on that basis. The general rule is that, in an appeal from revocation of community supervision, an appellant may raise issues relating to the original plea proceeding only in appeals taken when community supervision was first imposed. Manuel v. State, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999); Whetstone v. State, 786 S.W.2d 361, 363 (Tex.Crim.App.1990). However, a judgment that is void is an exception to the general rule. Nix v. State, 65 S.W.3d 664, 667 (Tex.Crim.App.2001).

■ A judgment is void in very rare situations, usually due to a lack of jurisdiction.[1] The question of whether double jeopardy is a jurisdictional defect has not been decided by this Court. If we determine that it is, and if King is correct that the judgment adjudging him guilty of taking a weapon from a peace officer was in violation of the prohibition against double jeopardy, then the trial court was without jurisdiction and such judgment, and the order placing him on community supervision pursuant to that judgment, are void.

---

1. The court in Nix stated:
    A judgment of conviction for a crime is void when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misde-

meanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, . . . . While we hesitate to call this an exclusive list, it is very nearly so.
    Nix, 65 S.W.3d at 668 (footnotes omitted).

Under those circumstances, King may raise the issue of double jeopardy for the first time on appeal. *Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex.Crim.App.2001) (lack of *jurisdiction* over case renders judgment void and it may always be collaterally attacked). If, on the other hand, we determine that double jeopardy is not a jurisdictional defect, then the trial court was not without jurisdiction (even if King is correct in his claim of double jeopardy), and he was required to raise that issue at the time he was placed on community supervision, and having failed to do so, he cannot now raise it for the first time on appeal.

The Texas Court of Criminal Appeals has declined to rule that double jeopardy is a jurisdictional defect. *See Haight v. State*, 137 S.W.3d 48, 49 n. 5 (Tex.Crim. App.2004); *Harrison v. State*, 767 S.W.2d 803, 804 n. 1 (Tex.Crim.App.1989). The Austin Court of Appeals has determined that, until the Texas Court of Criminal Appeals holds otherwise, the Austin court will treat double jeopardy claims as nonjurisdictional errors. *Yount v. State*, No. 03–96–00565–CR, 1998 WL 3205, 1998 Tex. App. LEXIS 25 (Tex.App.-Austin Jan.8, 1998, no pet.) (not designated for publication) (citing *Berrios–Torres v. State*, 802 S.W.2d 91, 94 (Tex.App.-Austin 1990, no pet.)). The Waco Court of Appeals has also concluded that double jeopardy is a nonjurisdictional defect. *Ramirez v. State*, 36 S.W.3d 660, 663 (Tex.App.-Waco 2001, pet. ref'd). Other courts of appeals have reached the opposite conclusion. *Okigbo v. State*, 960 S.W.2d 923 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd); *Cole v. State*, 776 S.W.2d 269 (Tex.App.-Houston [14th Dist.] 1989, no pet.); *Rodriguez v. State*, 750 S.W.2d 906 (Tex.App.-Corpus Christi 1988, pet. ref'd); *Harrison v. State*, 721 S.W.2d 904 (Tex.App.-Dallas 1986), *vacated & remanded on other grounds*, 767 S.W.2d 803 (Tex.Crim.App.1989).

We now align ourselves with those courts holding that double jeopardy is a nonjurisdictional defect and agree with the Waco court that "it is more accurate to say that the double jeopardy clause may deprive the second proceeding of being a valid conviction, but does not deprive the trial court of its jurisdiction over the matter." *Ramirez*, 36 S.W.3d at 663.

■ Even if King could complain in this appeal that the original proceeding in which he pled guilty violated the prohibition against double jeopardy, he must still preserve the complaint for our review. Generally, a timely objection is required to preserve error for review. *See* Tex.R.App. P. 33.1. King therefore had the burden to preserve, in some fashion, a double jeopardy objection at or before the time the issue of his guilt was submitted to the trial court to decide. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex.Crim.App.2000). This he failed to do—he failed to object to the second prosecution before he was adjudged guilty by the trial court. Further, he made no special plea "that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial, and that the former prosecution" resulted in an acquittal. *See* Tex.Code Crim. Proc. Ann. art. 27.05 (Vernon 1989). Even at the hearing on the State's motion to revoke community supervision, King pled true to the alleged violation and still did not raise the issue of double jeopardy. King did nothing before, during, or after being placed on community supervision to preserve the error he now raises on appeal. He cannot accept the benefits of community supervision and then complain of double jeopardy for the first time after that supervision is revoked. The Texas Court of Criminal Appeals has held that a defendant may waive the right not to be twice placed in jeopardy for the

same offense. *Ex parte Birdwell*, 7 S.W.3d 160, 163–64 (Tex.Crim.App.1999). We conclude King waived this right by not timely asserting it.

■ Nonetheless, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and when (2) the enforcement of the usual rules of procedural default serves no legitimate state interests. *Gonzalez*, 8 S.W.3d at 643.

In *Barnett*, this Court held that a double jeopardy violation was apparent from the face of the record. *Barnett v. State*, 83 S.W.3d 810, 813 (Tex.App.-Texarkana 2002, no pet.). There, the first trial ended in a mistrial granted at the defendant's request after the prosecutor, having been repeatedly warned and admonished, offered into evidence materials he was expressly instructed not to mention. *Id.* at 812–13. After dismissing the first jury, the trial court immediately summoned another venire and proceeded with the retrial. *Id.* at 813. Relying on *Gonzalez*, we held that "successive petition" claims are sufficiently apparent from the record to have violated the double jeopardy clause to be adequately raised and considered on the merits on appeal. *Id.*

■ *Barnett* is distinguishable from the case at hand. King was not subjected to a successive petition prosecution. King pled guilty to an indictment that on its face described an offense separate from the offense in the indictment charging him with assault on a public servant. The United States Supreme Court has held that a defendant who pleads guilty to "two counts with facial allegations of distinct offenses" may not raise a successive prosecution claim for the first time on collateral attack primarily because this would have required "further proceedings at which to expand the record with new evidence." *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). King relinquished any opportunity to receive a factual hearing on a double jeopardy claim. Absent such record, he cannot prove his double jeopardy claim by merely relying on the two indictments and the existing record.[2] Thus, King cannot collaterally attack the second prosecution for the first time on appeal because further proceedings at which to expand the record with new evidence is required. There is no double jeopardy violation clearly apparent on the face of the record.

Further, requiring King to have timely raised his double jeopardy claim at the trial court level serves legitimate state interests. Such interests were clearly stated by the Amarillo Court of Appeals (and quoted by the Waco court in *Ramirez*):

The State has a valid interest in avoiding problems which would interfere with its lawful prosecution of alleged crimes and in being able to research and prepare responses to claims of double jeopardy. It also has a valid interest in being able to investigate and present any evidence which might exist that supports or controverts claims of double jeopardy in order that prosecutions be dismissed and that valid prosecutions continue when it is proper to do so. It has a valid interest in conserving valu-

**2.** Respondents who "pleaded guilty to indictments that on their face described separate conspiracies" could not raise a successive prosecution claim for the first time on collateral attack primarily because "they cannot prove their claim without contradicting those indictments, and that opportunity is foreclosed by the admissions inherent in their guilty pleas." *Broce*, 488 U.S. at 576, 109 S.Ct. 757.

able judicial time by not going through unnecessary trials when a double jeopardy claim is valid.

*Casey v. State*, 828 S.W.2d 214, 218 (Tex. App.-Amarillo 1992, no pet.).

Because King's alleged double jeopardy violation is not clearly apparent on the face of the record, and because requiring him to have timely raised this alleged violation at the trial court level serves legitimate state interests, King cannot now raise it for the first time on appeal.

We affirm the judgment.