In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00110-CR
______________________________


JAMES CHYNELL KING, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 29123-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          James Chynell King appeals from a revocation of his community supervision,
collaterally attacking his original sentence on the basis of double jeopardy. We affirm the
trial court's judgment.
          According to a police officer's report filed in the record, Officer Shane Guthrie
stopped King November 23, 2001, for driving with a suspended license. After confirming
that King's license was still suspended, Guthrie attempted to arrest him, but King resisted. 
Guthrie sprayed King with his chemical dispensing device, after which King fled to a
residence and Guthrie followed. Both entered the residence, where they engaged in an
altercation, during which King gained control of Guthrie's chemical dispensing device and
sprayed Guthrie. Guthrie, by the use of his sidearm, was able to ultimately subdue King,
and, with assistance, consummate the arrest. 
          In two separate indictments returned by the same grand jury, King was indicted for
the felony offenses of assault on a public servant and taking a weapon from a peace
officer. See Tex. Pen. Code Ann. § 22.01(b)(1) (Vernon Supp. 2004–2005), § 38.14(e)
(Vernon 2003). On February 27, 2002, a jury found King not guilty of the assault on a
public servant charge. On May 28, 2002, King pled guilty before a jury to the taking a
weapon from a peace officer charge, and the jury assessed his punishment at five years'
imprisonment, but recommended King be granted community supervision. The trial court
sentenced King to five years' imprisonment, but, in accordance with the jury's verdict,
suspended imposition of that sentence and placed King on community supervision for five
years. 
          On May 11, 2004, the State filed an application to revoke King's community
supervision, contending King had violated a condition of his supervision by testing positive
for use of marihuana. King pled true to the allegation June 7, 2004. The trial court
revoked King's community supervision and imposed the sentence of five years'
imprisonment. In this appeal, King contends his prosecution for taking a weapon from a
peace officer was in violation of the Double Jeopardy Clauses of the United States and
Texas Constitutions. 
          The Double Jeopardy Clause in the Fifth Amendment to the United States
Constitution provides that no person shall "be subject for the same offense to be twice put
in jeopardy of life or limb; . . . ." U.S. Const. amend. V. Similarly, the Texas Constitution
provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or
liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not
guilty in a court of competent jurisdiction." Tex. Const. art. I, § 14; see Tex. Code Crim.
Proc. Ann. art. 1.10 (Vernon 2005). 
          The Double Jeopardy Clause in the Fifth Amendment embodies several concepts: 
it protects a person from being twice prosecuted for the same offense; it precludes the
state from prosecuting someone for the same offense or a lesser-included offense after
a jury has acquitted the accused; and it bars punishing a person more than once for the
same offense. Ex parte Infante, 151 S.W.3d 255, 260 (Tex. App.—Texarkana 2004, no
pet.) (citing Monge v. California, 524 U.S. 721, 727–28 (1998)). The Fifth Amendment's
Double Jeopardy Clause is enforceable against the States through the Fourteenth
Amendment. Infante, 151 S.W.3d at 260. Conceptually, the United States and the Texas
double jeopardy provisions are identical. See Stephens v. State, 806 S.W.2d 812, 815
(Tex. Crim. App. 1990). King apparently relies on that aspect of the Double Jeopardy
Clause precluding the State from prosecuting a person for the same offense after a jury
has acquitted that person.
          We must first decide if it is permissible for King to raise the issue of double jeopardy
for the first time on appeal, thus collaterally attacking his original sentence on that basis. 
The general rule is that, in an appeal from revocation of community supervision, an
appellant may raise issues relating to the original plea proceeding only in appeals taken
when community supervision was first imposed. Manuel v. State, 994 S.W.2d 658, 661
(Tex. Crim. App. 1999); Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990). 
However, a judgment that is void is an exception to the general rule. Nix v. State, 65
S.W.3d 664, 667 (Tex. Crim. App. 2001). 
          A judgment is void in very rare situations, usually due to a lack of jurisdiction.


 The
question of whether double jeopardy is a jurisdictional defect has not been decided by this
Court. If we determine that it is, and if King is correct that the judgment adjudging him
guilty of taking a weapon from a peace officer was in violation of the prohibition against
double jeopardy, then the trial court was without jurisdiction and such judgment, and the
order placing him on community supervision pursuant to that judgment, are void. Under
those circumstances, King may raise the issue of double jeopardy for the first time on
appeal. Ex parte Seidel, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001) (lack of jurisdiction
over case renders judgment void and it may always be collaterally attacked). If, on the
other hand, we determine that double jeopardy is not a jurisdictional defect, then the trial
court was not without jurisdiction (even if King is correct in his claim of double jeopardy),
and he was required to raise that issue at the time he was placed on community
supervision, and having failed to do so, he cannot now raise it for the first time on appeal. 
          The Texas Court of Criminal Appeals has declined to rule that double jeopardy is
a jurisdictional defect. See Haight v. State, 137 S.W.3d 48, 49 n.5 (Tex. Crim. App. 2004);
Harrison v. State, 767 S.W.2d 803, 804 n.1 (Tex. Crim. App. 1989) . The Austin Court of
Appeals has determined that, until the Texas Court of Criminal Appeals holds otherwise,
the Austin court will treat double jeopardy claims as nonjurisdictional errors. Yount v.
State, No. 03-96-00565-CR, 1998 Tex. App. LEXIS 25 (Tex. App.—Austin Jan. 8, 1998,
no pet.) (not designated for publication) (citing Berrios-Torres v. State, 802 S.W.2d 91, 94
(Tex. App.—Austin 1990, no pet.)). The Waco Court of Appeals has also concluded that
double jeopardy is a nonjurisdictional defect. Ramirez v. State, 36 S.W.3d 660, 663 (Tex.
App.—Waco 2001, pet. ref'd). Other courts of appeals have reached the opposite
conclusion. Okigbo v. State, 960 S.W.2d 923 (Tex. App.—Houston [1st Dist.] 1998, pet.
ref'd); Cole v. State, 776 S.W.2d 269 (Tex. App.—Houston [14th Dist.] 1989, no pet.);
Rodriguez v. State, 750 S.W.2d 906 (Tex. App.—Corpus Christi 1988, pet. ref'd); Harrison
v. State, 721 S.W.2d 904 (Tex. App.—Dallas 1986), vacated & remanded on other
grounds, 767 S.W.2d 803 (Tex. Crim. App. 1989).
          We now align ourselves with those courts holding that double jeopardy is a
nonjurisdictional defect and agree with the Waco court that "it is more accurate to say that
the double jeopardy clause may deprive the second proceeding of being a valid conviction,
but does not deprive the trial court of its jurisdiction over the matter." Ramirez, 36 S.W.3d
at 663.
          Even if King could complain in this appeal that the original proceeding in which he
pled guilty violated the prohibition against double jeopardy, he must still preserve the
complaint for our review. Generally, a timely objection is required to preserve error for
review. See Tex. R. App. P. 33.1. King therefore had the burden to preserve, in some
fashion, a double jeopardy objection at or before the time the issue of his guilt was
submitted to the trial court to decide. See Gonzalez v. State, 8 S.W.3d 640, 642 (Tex.
Crim. App. 2000). This he failed to do—he failed to object to the second prosecution
before he was adjudged guilty by the trial court. Further, he made no special plea "that he
has already been prosecuted for the same or a different offense arising out of the same
criminal episode that was or should have been consolidated into one trial, and that the
former prosecution" resulted in an acquittal. See Tex. Code Crim. Proc. Ann. art. 27.05
(Vernon 1989). Even at the hearing on the State's motion to revoke community
supervision, King pled true to the alleged violation and still did not raise the issue of double
jeopardy. King did nothing before, during, or after being placed on community supervision
to preserve the error he now raises on appeal. He cannot accept the benefits of
community supervision and then complain of double jeopardy for the first time after that
supervision is revoked. The Texas Court of Criminal Appeals has held that a defendant
may waive the right not to be twice placed in jeopardy for the same offense. Ex parte
Birdwell, 7 S.W.3d 160, 163–64 (Tex. Crim. App. 1999). We conclude King waived this
right by not timely asserting it. 
          Nonetheless, because of the fundamental nature of double jeopardy protections,
a double jeopardy claim may be raised for the first time on appeal or for the first time on
collateral attack when (1) the undisputed facts show the double jeopardy violation is clearly
apparent on the face of the record, and when (2) the enforcement of the usual rules of
procedural default serves no legitimate state interests. Gonzalez, 8 S.W.3d at 643.
          In Barnett, this Court held that a double jeopardy violation was apparent from the
face of the record. Barnett v. State, 83 S.W.3d 810, 813 (Tex. App.—Texarkana 2002, no
pet.). There, the first trial ended in a mistrial granted at the defendant's request after the
prosecutor, having been repeatedly warned and admonished, offered into evidence
materials he was expressly instructed not to mention. Id. at 812–13. After dismissing the
first jury, the trial court immediately summoned another venire and proceeded with the
retrial. Id. at 813. Relying on Gonzalez, we held that "successive petition" claims are
sufficiently apparent from the record to have violated the double jeopardy clause to be
adequately raised and considered on the merits on appeal. Id.
          Barnett is distinguishable from the case at hand. King was not subjected to a
successive petition prosecution. King pled guilty to an indictment that on its face described
an offense separate from the offense in the indictment charging him with assault on a
public servant. The United States Supreme Court has held that a defendant who pleads
guilty to "two counts with facial allegations of distinct offenses" may not raise a successive
prosecution claim for the first time on collateral attack primarily because this would have
required "further proceedings at which to expand the record with new evidence." United
States v. Broce, 488 U.S. 563 (1989). King relinquished any opportunity to receive a
factual hearing on a double jeopardy claim. Absent such record, he cannot prove his
double jeopardy claim by merely relying on the two indictments and the existing record.


 
Thus, King cannot collaterally attack the second prosecution for the first time on appeal
because further proceedings at which to expand the record with new evidence is required. 
There is no double jeopardy violation clearly apparent on the face of the record. 
          Further, requiring King to have timely raised his double jeopardy claim at the trial
court level serves legitimate state interests. Such interests were clearly stated by the
Amarillo Court of Appeals (and quoted by the Waco court in Ramirez):
The State has a valid interest in avoiding problems which would
interfere with its lawful prosecution of alleged crimes and in being able to
research and prepare responses to claims of double jeopardy. It also has a
valid interest in being able to investigate and present any evidence which
might exist that supports or controverts claims of double jeopardy in order
that prosecutions be dismissed and that valid prosecutions continue when
it is proper to do so. It has a valid interest in conserving valuable judicial time
by not going through unnecessary trials when a double jeopardy claim is
valid.

Casey v. State, 828 S.W.2d 214, 218 (Tex. App.—Amarillo 1992, no pet.).

          Because King's alleged double jeopardy violation is not clearly apparent on the face
of the record, and because requiring him to have timely raised this alleged violation at the
trial court level serves legitimate state interests, King cannot now raise it for the first time
on appeal.
          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 23, 2005
Date Decided:         April 5, 2005

Publish