In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00019-CR

                                                ______________________________

 

 

                              DALSON LESCHALLE JAMES,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-0913-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

Dalson Leschalle James received a probated
sentence in Smith County[1]
for possession of a controlled substance and was placed on community
supervision.  Among the conditions of community
supervision, James was ordered to reimburse the Texas Department of Public
Safety for “$140 for the testing of the drugs in this case.”  Now, on the State’s motion, the trial court
has revoked James’ community supervision, because James possessed marihuana,
used or consumed marihuana, used or consumed opiates, and possessed
opiates.  At the revocation hearing,
James pled “true” to the State’s allegations. 
The trial court revoked James’ community supervision and assessed his
punishment at two years’ confinement.

In two points of error on appeal, James
attacks only that part of the trial court’s original order[2]
placing him on community supervision that ordered James to pay restitution.

            We affirm
the trial court’s judgment because James failed to timely appeal any issue
concerning restitution.

            Issues
related to the original conviction are not generally cognizable on an appeal
from the revocation of community supervision.  Gossett
v. State, 282 S.W.2d 59, 62 (1955); King
v. State, 161 S.W.3d 264, 266 (Tex. App.—Texarkana 2005, pet. ref’d); see Manuel v. State, 994 S.W.2d 658,
661–62 (Tex. Crim. App. 1999) (applying general rule to deferred adjudication).
 James does not allege that any exception
to the general rule applies in this case. See
Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); cf. Jordan v. State, 54 S.W.3d 783, 785 (Tex.
Crim. App. 2001). “An appeal from an order revoking community supervision is
limited to the propriety of the revocation.”  Stafford
v. State, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref’d).  The time for appeal begins when the sentence
is imposed or suspended in open court.[3]
 Coffey
v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (unprobated fine
properly included in judgment revoking community supervision).

            Any error in
the restitution order should have been appealed when James was convicted and
placed on community supervision.  At the
time of the original judgment and sentencing, James failed to object to any
restitution error or file a motion for new trial or an appeal from that
judgment.  Thus, this appeal fails.

            We
affirm the judgment of the trial court.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          July
11, 2011

Date Decided:             July
12, 2011

 

Do Not Publish











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Court’s docket equalization program.  Tex.
Gov’t Code Ann. § 73.001 (West 2005). 
We are not aware of any conflict between the precedent of the Tyler
Court and the precedent of this Court on any issue relevant in this appeal.  See Tex. R. App. P. 41.3.

 





[2]The
trial court imposed the restitution orders in the original judgment finding James
was guilty of possession of a controlled substance, accepting the plea bargain
and recommendations, and placing James on community supervision.  The payment of restitution was included as a
condition of James’ community supervision, wherein he was to pay $10.00 per
month, beginning in November 2010. 





[3]Further,
the Tyler Court of Appeals has held that an error in a restitution order does
not result in an illegal sentence. See
Grindele v. State, No. 12–06–00168–CR, 2007 WL 1869323 (Tex. App.—Tyler
June 29, 2007, pet. ref’d) (mem.op., not designated for publication).