

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00019-CR

_____

DALSON LESCHALLE JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-0913-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Dalson Leschalle James received a probated sentence in Smith County[1] for possession of a controlled substance and was placed on community supervision. Among the conditions of community supervision, James was ordered to reimburse the Texas Department of Public Safety for "$140 for the testing of the drugs in this case." Now, on the State's motion, the trial court has revoked James' community supervision, because James possessed marihuana, used or consumed marihuana, used or consumed opiates, and possessed opiates. At the revocation hearing, James pled "true" to the State's allegations. The trial court revoked James' community supervision and assessed his punishment at two years' confinement.

In two points of error on appeal, James attacks only that part of the trial court's original order[2] placing him on community supervision that ordered James to pay restitution.

We affirm the trial court's judgment because James failed to timely appeal any issue concerning restitution.

Issues related to the original conviction are not generally cognizable on an appeal from the revocation of community supervision. *Gossett v. State*, 282 S.W.2d 59, 62 (1955); *King v. State*,

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]The trial court imposed the restitution orders in the original judgment finding James was guilty of possession of a controlled substance, accepting the plea bargain and recommendations, and placing James on community supervision. The payment of restitution was included as a condition of James' community supervision, wherein he was to pay $10.00 per month, beginning in November 2010.

2

161 S.W.3d 264, 266 (Tex. App.—Texarkana 2005, pet. ref'd); *see Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (applying general rule to deferred adjudication). James does not allege that any exception to the general rule applies in this case. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *cf. Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). "An appeal from an order revoking community supervision is limited to the propriety of the revocation." *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd). The time for appeal begins when the sentence is imposed or suspended in open court.[3] *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (unprobated fine properly included in judgment revoking community supervision).

Any error in the restitution order should have been appealed when James was convicted and placed on community supervision. At the time of the original judgment and sentencing, James failed to object to any restitution error or file a motion for new trial or an appeal from that judgment. Thus, this appeal fails.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted: July 11, 2011
Date Decided: July 12, 2011

---

[3]Further, the Tyler Court of Appeals has held that an error in a restitution order does not result in an illegal sentence. *See Grindele v. State*, No. 12–06–00168–CR, 2007 WL 1869323 (Tex. App.—Tyler June 29, 2007, pet. ref'd) (mem.op., not designated for publication).

3

Do Not Publish