

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00019-CR

KEVIN BRYAN FARRAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41108-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Kevin Bryan Farrar pled guilty to forgery of a financial instrument. In accordance with his negotiated plea agreement with the State, the trial court sentenced Farrar to two years' confinement in state jail, but suspended the sentence in favor of placing Farrar on community supervision for five years. However, after Farrar pled true to the State's allegations that he violated the terms and conditions of his community supervision, the trial court revoked Farrar's community supervision and sentenced him to fifteen months' confinement in state jail.

On appeal,[1] Farrar argues that his sentence violated his Eighth Amendment protections because it was disproportionate to his crime. Because we find that we are without jurisdiction to address the merits of Farrar's sole issue on appeal, we dismiss the appeal for want of jurisdiction.

When a defendant is convicted of a crime and placed on community supervision, the Legislature has placed restrictions on his right to appeal certain matters. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (West Supp. 2016). With limited exceptions not present here, "an appeal from an order revoking [community supervision] is limited to the propriety of the revocation and does not include a review of the original conviction." *Traylor v. State*, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978); *see* C*orley v. State*, 782 S.W.2d 859, 860, n.2 (Tex. Crim. App. 1989); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex. Crim. App. 1967); *Stafford v. State*, 63 S.W.3d 502, 508 (Tex. App.—Texarkana 2001, pet. ref'd) (per curiam); *see also King v. State*, 161 S.W.3d 264, 266–68 (Tex. App.—Texarkana 2005, pet. ref'd).

---

[1]In cause numbers 06-16-00020-CR and 06-16-00021-CR, Farrar also appeals the trial court's revocations of community supervision and sentences for forgery and possession of a controlled substance.

Recognizing the jurisdictional defect, this Court provided Farrar, by letter dated August 9, 2016, with an opportunity to demonstrate how we had jurisdiction over this appeal. Farrar's response asserted that he was attacking the propriety of the revocation because he was relying on the reporter's record from the revocation in asserting his complaint. However, because Farrar's sentence was pronounced at the time he was placed on community supervision, the claim that his sentence is disproportionate is necessarily an attack on the punishment he received at the time he was placed on community supervision. Consequently, we conclude that Farrar does not attack the propriety of the revocation.

We conclude that we are without jurisdiction to address the merits of Farrar's sole point of error. Accordingly, we dismiss this appeal for want of jurisdiction.

Ralph Burgess
Justice

Date Submitted:     August 26, 2016
Date Decided:       November 17, 2016

Do Not Publish