

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00166-CR

SAMMY EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29843

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

A Lamar County jury convicted Sammy Evans of two counts of possession with intent to promote child pornography and twenty-eight counts of possession of child pornography. *See* TEX. PENAL CODE ANN. § 43.26. For each of the two counts of intent to promote child pornography, the jury assessed a sentence of twenty years' imprisonment and imposed a $10,000.00 fine. For each of the remaining twenty-eight counts, the jury assessed a sentence of ten years' imprisonment and imposed a $10,000.00 fine.

On appeal, Evans argues the following: (1) that the evidence was insufficient to support his two convictions for possession with intent to promote child pornography, (2) that his right to be free from double jeopardy was violated because (a) he was allegedly convicted for both possessing and promoting the same child pornography and (b) "all 30 convictions could have been based upon the exact same image," and (3) that the judgment for count three must be modified to reflect the proper statute of offense.

We conclude that the evidence is sufficient to support the two convictions of intent to promote child pornography, Evans has failed to preserve his double-jeopardy complaints, and the judgment for count three must be modified to reflect the proper statute of offense. As a result, we affirm the judgments on counts one, two, and four through thirty. We modify the count-three judgment to show that the statute of offense is Section 43.26(d) of the Texas Penal Code and, as modified, we also affirm the trial court's count-three judgment.

**I.** **Sufficient Evidence Supported Two Convictions of Intent to Promote Child Pornography**

Under Section 43.26(d), possession of child pornography is a third-degree felony. TEX. PENAL CODE ANN. § 43.26(d). The level of offense is increased to a second-degree felony if the person has the "intent to promote" the possessed child pornography. TEX. PENAL CODE ANN. § 43.26(e)(1). In his first point of error, Evans argues that, while the evidence shows he possessed the child pornography, it was legally insufficient to show possession with intent to promote it. We disagree.

**A.** **Standard of Review**

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex.

Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

The first two counts of the State's indictment alleged that Evans

intentionally and knowingly promote[d] by sharing online, or possess[ed] with intent to promote, visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual or simulated sexual intercourse or deviate sexual intercourse or sexual bestiality or masturbation or sadomasochistic abuse or lewd exhibition of the genitals.

### B. Relevant Evidence

Lee McMillian, an investigator with the Collin County Sheriff's Office and expert in information technology, testified that he specialized in "crimes that have a technology nexus" involving child pornography. McMillian testified, "[W]e have servers within our agency in an undercover capacity that are constantly monitoring the Internet and . . . look . . . for any I[nternet] P[rotocol] address with the state of Texas that . . . is transmitting or asking for child pornography." McMillian testified that there were "two distinct, different videos that were shared with [him]" from Evans's IP address, which depicted "child pornography with children in different states of posing and different aspects." McMillian testified that Evans shared two video files with him through software called "Shareaza 2.7.2," which showed a nine- or ten-year-old female child exposing her "sexual organ to the camera" and "[t]wo females approximately 12 to 14 years of age," who were nude. The video files were played for the jury.

4

At trial, Evans admitted that he possessed the child pornography referenced in the first two counts of the State's indictment but claimed he had downloaded them for the sole purpose of identifying any adults depicted so they could be arrested. After hearing this evidence, the jury found Evans guilty of two counts of possession with intent to promote child pornography.

## C. Analysis

The term "promote" means "to procure, manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise or to offer or agree to do any of the above." TEX. PENAL CODE ANN. § 43.25(a)(5) (Supp.). Evans admitted at trial that he possessed the child pornography but denies the promotion on appeal. Even so, we find that McMillian's testimony established that two separate files containing child pornography were shared with him on the Internet from Evans's IP address using software called "Shareaza 2.7.2." As a result, McMillian testified that the law enforcement server "downloaded [the videos] from the suspect device." The jury was able to view the files that Evans admittedly downloaded and was free to reject Evans's self-serving testimony that he only downloaded the files to catch criminals. Instead, from the evidence presented, the jury was free to conclude that Evans had the intent to promote the two videos containing child pornography.

We conclude that the evidence was legally sufficient to show that Evans possessed the videos of child pornography described by McMillian with the intent to provide, transfer, transmit, distribute, and circulate them on the Internet. As a result, we overrule Evans's first point of error.

**II.      Evans Failed to Preserve His Double-Jeopardy Complaints**

The Double Jeopardy Clause protects defendants "against multiple punishments for the same offense." *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)); *see* U.S. CONST. amends. V, XIV.  Evans's second and third points of error raise double-jeopardy concerns based on the State's thirty-count indictment in this case.  Specifically, Evans notes that none of the counts in the indictment described the child pornography in specific detail or contained the file names of the digitally saved pornography.  Based on these generically worded counts, Evans contends that, in violation of his double-jeopardy rights, (1) he was allegedly convicted for both possessing and promoting child pornography and (2) "all 30 convictions could have been based upon the exact same image." The State argues that Evans failed to preserve his double-jeopardy complaints, and we agree.

"As a prerequisite to presenting a complaint for appellate review, the record must show that" it "was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling . . . with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a).  "[E]ven constitutional errors . . . may be forfeited on appeal if an appellant failed to object at trial." *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014).  In *Gonzalez v. State*, the Texas Court of Criminal Appeals said that an appellant has the "burden to preserve, in some fashion, a double jeopardy objection at or before the time the charge [is] submitted to the jury." *Gonzalez v. State*, 8 S.W.3d 640, 641 (Tex. Crim. App. 2000).

6

However, a double-jeopardy claim may be raised for the first time on appeal when (1) a "violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest." *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014).

Here, our record shows that Evans never raised a double-jeopardy complaint at trial. As a result, we must first determine whether a violation is clearly apparent on the face of this record. We conclude that it is not.[1]

Just before the start of trial, the State proffered Exhibit 3, "a list of the actual files to be admitted and published as corresponding to the indictments." The list contained thirty separate filenames of child pornography and was admitted by the trial court without objection from Evans. The trial court also admitted, without objection, an "external hard drive containing the actual DPS extraction" of child pornography from Evans's "Dell Inspiron laptop," "HP laptop," "Fujifilm USB flash drive," "Gorilla drive flash drive," [and] "Seagate external hard drive."[2]

Aric Hagy, a special agent with the DPS in the Computer Information Technology and Electronic Crimes Unit, testified that, from the Dell computer, he found images of an eight-year-old performing oral sex on an adult male and two underage children engaging in sexual activity.

---

[1]"Child pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). "The 'integral part of the offense of possession of child pornography' is the harm to each individual child." *Vineyard v. State*, 958 S.W.2d 834, 840 (Tex. Crim. App. 1998). Accordingly, "possession of each item of child pornography [is] an 'allowable unit of prosecution.'" *Id.* at 838.

[2]Charles Cannon, a special agent with the Texas Department of Public Safety (DPS), testified that he executed a search warrant for Evans's residence and secured "any device[] that could be used to transmit or store child pornography," including a "Dell laptop, an HP Pavilion laptop, . . . an iPad, a cellular phone, [a] Seagate external hard drive, a Fujifilm flash drive, [and] a Gorilla flash drive." Cannon testified that Evans identified the seized items during a voluntary interview and provided passwords to access his computers, which revealed more child pornography.

Hagy also recovered (1) fourteen separate items of child pornography from the HP laptop, (2) eight items of child pornography from the Fujifilm hard drive, (3) four items of child pornography from the Gorilla Drive, and (4) two items of child pornography from the Seagate hard drive. The recovered child pornography was published to the jury. During closing, the State referred to "Exhibit 3 . . . that ha[d] been admitted and ha[d] 30 different images and videos." The State posited, "It's kind of an index that corresponds with the 30 counts that you have to respond to in this verdict form."

The record suggests that each count of the State's indictment was supported by a separate image or video that was admitted into evidence. The list of files proffered by the State was admitted as Exhibit 3, which, given the State's argument, seemingly corresponded with the thirty counts alleged by the indictment. As a result, a double-jeopardy violation is not apparent on the face of this record.

In light of the record, and because Evans "relinquished any opportunity to receive a factual hearing on a double jeopardy claim," we find that Evans "cannot prove his double jeopardy claim by merely relying on the . . . indictment[]." *King v. State*, 161 S.W.3d 264, 268 (Tex. App.—Texarkana 2005, pet. ref'd). Further, requiring Evans to have timely raised his double-jeopardy claim below serves the following legitimate State interests: (1) "avoiding problems which would interfere with its lawful prosecution of alleged crimes and in being able to research and prepare responses to claims of double jeopardy," (2) "being able to investigate and present any evidence which might exist that supports or controverts claims of double jeopardy in order that prosecutions be dismissed and that valid prosecutions continue when it is

proper to do so," and (3) "conserving valuable judicial time by not going through unnecessary trials when a double jeopardy claim is valid." *Id.* (quoting *Casey v. State*, 828 S.W.2d 214, 218 (Tex. App.—Amarillo 1992, no pet.)).

Because Evans's alleged double-jeopardy complaints are not clearly apparent on the face of the record, and because requiring him to have timely raised those complaints below serves legitimate state interests, we find Evans's second and third points of error unpreserved and overrule them.

## III.    The Judgment for Count Three Must Be Modified

In his last point of error, Evans argues that the trial court's judgment for the third count in the State's indictment should be modified to reflect the proper statute of offense. The State concedes the issue, and we agree.

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). The judgment for the third count lists the statute of offense as Section 43.26(g) of the Texas Penal Code, which increases the level of offense to a second-degree felony when child pornography is possessed with intent to promote. *See* TEX. PENAL CODE ANN. § 43.26(g). Because the State's third count was for simple possession of child pornography and made no allegation referencing promotion, the third count was a third-degree

9

felony under Section 43.26(d). *See* TEX. PENAL CODE ANN. § 43.26(d). As a result, we modify the trial court's judgment on the third count to reflect the proper statute of offense.

## IV.     Disposition

We modify the count-three judgment to show that the statute of offense is Section 43.26(d) of the Texas Penal Code and, as modified, we affirm the trial court's count-three judgment. We affirm the trial court's remaining twenty-nine judgments outright.


Jeff Rambin
Justice

Date Submitted:     August 8, 2023
Date Decided:       August 15, 2023

Do Not Publish

10