

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00219-CR

CODY BLAKE BARNES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F1176-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

A Bowie County jury found Cody Blake Barnes guilty of three counts of aggravated sexual assault of a child and three counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. For each count of aggravated sexual assault, the jury assessed a sentence of life imprisonment with a $10,000.00 fine. For each count of indecency with a child, the jury assessed a sentence of twenty years' imprisonment with a $10,000.00 fine.

On appeal, Barnes argues that the State's "indictment and jury charge were multiplicitous, thus, violating the Appellant's constitutional right against double jeopardy." Because Barnes raised no objection to the indictment, failed to either preserve or adequately brief any double-jeopardy issue, and failed to adequately brief any jury-charge issue, we affirm the trial court's judgments.[1]

Barnes raises his complaint that the indictment violated his right against double jeopardy because it was multiplicitous for the first time on appeal. Yet, Article 1.14(b) of the Texas Code of Criminal Procedure states, in relevant part,

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b). As a result, because "a defect in a charging instrument is waived unless raised before trial," Barnes's "multiplicity" argument is waived.

---

[1] In our cause numbers 06-24-00220-CR through 06-24-00232-CR, Barnes appeals from other convictions for offenses involving children, including aggravated sexual assault of a child, indecency with a child, injury to a child, prohibited sexual contact, and abandoning or endangering a child.

*Urtado v. State*, 333 S.W.3d 418, 423 (Tex. App.—Austin 2011, pet. ref'd) (citing *Teal v. State*, 230 S.W.3d 172, 177 (Tex. Crim. App. 2007)) (overruling the argument that an "indictment returned against [the defendant] violated his right to due process because it failed to provide sufficient notice of the acts for which he was charged, was impermissibly duplicitous, and was impermissibly multiplicitous" due to waiver under Rule 1.14).

Next, Barnes notes that several of the State's counts in this case, and in his companion cases, were worded the same and questions whether, as a result, there was a danger of receiving multiple punishments for the same offense. Yet, Barnes did not raise this complaint below. *See* TEX. R. APP. P. 33.1. We have previously stated that a defendant may waive the right not to be twice placed in jeopardy for the same offense. *King v. State*, 161 S.W.3d 264, 267–68 (Tex. App.—Texarkana 2005, pet. ref'd); *see also Tovar v. State*, No. 06-06-00160-CR, 2007 WL 426891, at *2 (Tex. App.—Texarkana Feb. 9, 2007, no pet.) (mem. op., not designated for publication). Because Barnes did not raise his complaint below, the complaint is waived. *See Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (finding that appellant had the burden to "preserve, in some fashion, a double jeopardy objection at or before the time the charge [was] submitted to the jury" and, because the appellant did not, he "forfeited his multiple punishments double jeopardy claim" (alteration in original)); *King*, 161 S.W.3d at 268.

In fact, a double-jeopardy claim may only be raised for the first time on appeal or for the first time on collateral attack "when (1) the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record, and when (2) the enforcement of the usual rules of procedural default serves no legitimate state interests." *King*, 161 S.W.3d at 268. It is well

3

known that, with respect to aggravated sexual assault of a child, injury to a child, and the allegations in Barnes's companion cases, the Legislature intended for a defendant to be susceptible to punishment for each discrete act since each act that violates a penal statute constitutes a separate allowable unit of prosecution. *See Aekins v. State*, 447 S.W.3d 270, 278 (Tex. Crim. App. 2014); *Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999). Even so, Barnes's brief contains no analysis showing that a double-jeopardy violation is apparent on the face of the record because it fails to discuss the evidence at trial on each count and contains no record references.[2] Instead, Barnes simply makes a conclusory claim in his brief on this point.

"The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Barnes did not make any substantive double-jeopardy argument and failed to apply legal authority to the facts of this case in any manner. Because we are not required to make Barnes's argument for him, we find Barnes has inadequately briefed this issue, and we decline to address it. *See Bohannan v. State*, 546 S.W.3d 166, 179–80 (Tex. Crim. App. 2017); *see also Carter v. State*, No. 10-24-00036-CR, 2025 WL 1766137, at *1 n.1 (Tex. App.—Waco June 26, 2025, no pet.) (mem. op., not designated for publication) ("We reject [appellant's] double jeopardy violation sub-issue as inadequately briefed because [appellant] never made a double jeopardy claim in the trial court and spends no time in his brief discussing how we may reach his unpreserved claim."); *Peralez v. State*, No. 13-06-376-CR, 2007 WL 2265111, at *5 (Tex. App.—Corpus Christi–Edinburg

---

[2]Barnes does not challenge the legal sufficiency of the evidence supporting each of his convictions.

4

Aug. 9, 2007, no pet.) (mem. op., not designated for publication) ("We note that although [appellant] cites to *Blockburger v. United States*, 284 U.S. 299 (1932), he wholly failed to apply the *Blockburger* analysis to the facts of his case and has failed to develop any argument regarding how his convictions violate the Double Jeopardy Clause pursuant to *Blockburger*. Accordingly, we will not address this contention." (citing TEX. R. APP. P. 38.1(h))).

Lastly, Barnes makes a conclusory argument that the jury charge contained error without any substantive analysis. He points to a due process objection he raised to the indictments during the charge conference but fails to show how there was any jury-charge error or how he was harmed by such error. As a result, we also overrule Barnes's jury-charge complaint under Rule 38.1(i). *See Keller v. State*, 604 S.W.3d 214, 229 (Tex. App.—Dallas 2020, pet. ref'd); *Long v. State*, 525 S.W.3d 351, 363 n.9 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *see also Bohannan*, 546 S.W.3d at 179–80.[3]

We affirm the trial court's judgments.


Scott E. Stevens
Chief Justice

Date Submitted:      August 8, 2025
Date Decided:        August 12, 2025

Do Not Publish

---

[3]Barnes's objection at the charge conference was limited to three of the indictments—23F1176, 23F1177, and 24F1090. Yet, Barnes has not briefed or shown how he was harmed by any jury-charge error as it relates to those three indictments. Where the evidence supports it, the submission of multiple counts is permissible. As noted above, separate acts are separate units of prosecution. *Aekins*, 447 S.W.3d at 278. Barnes's brief did not address the evidence in this case.